**IT IS ORDERED as set forth below:**

**Date: September 7, 2023**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-67689-jwc |
| SHAKIRA ELAINE SHUMATE, | CHAPTER: 13 |
| DEBTOR. | JUDGE: JEFFERY W. CAVENDER |
| EMBRACE HOME LOANS, INC. MOVANT. | |
| V. | **CONTESTED MATTER** |
| SHAKIRA ELAINE SHUMATE, DEBTOR. | |
| NANCY J. WHALEY, TRUSTEE. | |
| RESPONDENTS. | |

### CONSENT ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter came in front of the Court on the Motion for Relief from Automatic Stay by Embrace Homes Loans, Inc. (the "**Movant**"), filed July 12, 2023, (Doc 65), to modify the stay of 11 U.S.C. §362(a) to allow Movant to proceed under its Security Deed and state law to foreclose (the "**Motion**") as to the real property known as 2043 Reavis Bluff, Conyers, GA, 30012, (the "**Property**") The Motion was scheduled for hearing on September 12, 2023, and proper notice provided to Debtor, Debtor's attorney, and Trustee.

Movant and Debtor acknowledge and agree that (1) equity may exist in the Property for the benefit of the estate; and, (2) the current post-petition delinquency is **$ 3,241.66** [3 payments (6/1/2023 thru 8/1/2023) @ $876.60, *less* suspense of $ 626.14, plus attorney fees and costs of $1,238.00].

Based on the foregoing agreement, Debtor and Movant AGREE that Debtor is to:

(1) resume the continuing monthly mortgage payment to Movant of $ 876.60, due on the 1st day of each month, beginning with the payment due September 1, 2023 (Payment amount is subject to change with the annual escrow analysis);

(2) cure the post-petition delinquency owed of $3,41.66 (as set forth above) in full, with the funds to be received by Movant by September 15, 2023; and

(3) mail to Movant the payments, as follows:

**Rushmore Loan Management Services**
**P.O. Box 52708**
**Irvine, CA 92619-2708**

It is hereby **ORDERED, ADJUDGED AND DECREED** that for the remaining tenure of this case, the Debtor shall be under "strict compliance" wherein the continuing monthly payments and cure payments must be received by the Movant before or by the date due. If the Debtor is delinquent on any regular or cure payments due beginning with the September 1, 2023 payment, Movant may be permitted to recover and dispose of the Property pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. §362 in the following manner:

(A) Counsel for Movant shall serve Debtor and Debtors' counsel with written notice of the specific facts of the delinquency (the "**Delinquency Notice**"); said notice may be contained in a letter but shall

(1) state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice, and

(2) shall specifically provide the correct street address for mailing or delivering such payment;

Pursuant to this order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

(a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Distribution List attached to this Order pursuant to BLR 9013-3(c) (2) NDGA, unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to mailing of the Delinquency Notice; and

      (b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

(B) If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on Debtor, Debtor's counsel and Trustee:

  (1) **a motion**, which must contain allegations of the specific facts of the delinquency; and be accompanied by an **affidavit** from Movant setting forth the specific facts of the delinquency;

  (2) a copy of the **Delinquency Notice**, together with

  (3) a **proposed order** (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "**Delinquency Motion**").

Upon the filing of said Delinquency Motion due to default under this Consent Order, Movant agrees that the Trustee shall have twenty (20) days from the filing of Delinquency Motion in which to file a motion to convert. If no motion to convert is filed, the Court may enter an order modifying the stay as to the Property, without further hearing.

If the Movant forecloses on the Property, any proceeds remain from the foreclosure sale after application to Movant's lawful indebtedness, fees and foreclosure costs, Movant or its counsel shall promptly forward such excess proceeds that would otherwise be payable to the Debtor to the Trustee while the Debtor remains in bankruptcy. It is further

**ORDERED** that if the stay is modified pursuant to the terms of this order, Trustee shall cease funding Movant's claim and reduce the arrearage to the amount paid at the time of the entry of the order, until further notice from this Court. It is further

**ORDERED** that if the Debtor completes the Plan prior to completion of the "cure payment" set forth above receives a discharge and the case closed by the Court, the Debtor shall make the payments to Movant pursuant to the terms of this Consent Order. However, if the Debtor defaults on payments (continuing or the arrearage) *<u>after</u>* the closing of the case, Movant may proceed under the terms of the original Security Deed and state laws of Georgia. It is further

**ORDERED** that if the stay is modified pursuant to the terms of this order, FRBP 4001(a)(3) is waived so Movant may immediately enforce and implement this order. It is further

**ORDERED** that the Clerk of Court shall serve this Order to the parties on the attached distribution list.

**[END OF DOCUMENT]**

Prepared and presented by:

/s/LauraA.Grifka
Laura A. Grifka (GBN 312055)
Counsel for Movant
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Atlanta, GA 30092
Telephone: (404) 474-7149
E-mail: lgrifka@mtglaw.com


Consented to by:

/s/ *Sydney Cauthen by permission (LAG)*
Sydney Cauthen (GBN 523806)
Counsel for Debtor
The Semrad Law Firm, LLC
Suite 300
235 Peachtree Street NE
Atlanta, GA 30303
(678) 304-5002


No opposition by:

/s/ *Julie M. Anania by permission (LAG)*
Julie M. Anania (GBN 477064)
Staff Attorney
Nancy J. Whaley, Standing Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

DISTRIBUTION LIST:

Laura A. Grifka
MCMICHAEL TAYLOR GRAY.LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

Sydney Cauthen
The Semrad Law Firm, LLC
Suite 300
235 Peachtree Street NE
Atlanta, GA 30303

Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

Shakira Elaine Shumate
2043 Reavis Bluff
Conyers, GA 30012